FILED
SUPERIOR COURT
OF GUAM

2021 OCT -1 PM 3:50

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0308-19** |
| | GPD Report No. 19-15338 |
| **v.** | |
| | **DECISION AND ORDER** |
| **MINSON DETOR,** | **GRANTING THE PEOPLE'S** |
| DOB: 11/03/2002 | **REQUEST FOR RESTITUTION** |
| | |
| Defendant. | |
| **IVERSON CHEWEK,** | |
| DOB: 03/03/2003 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 23, 2021 for a restitution hearing. Assistant Attorney General Dannis Le represents the People, Attorney Sam Teker represents Minson Detor ("Defendant Detor"), and Attorney Terence Timblin represents Iverson Chewek ("Defendant Chewek"). Having duly considered the evidence presented, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the People's request for restitution.

## BACKGROUND

On June 17, 2019, a grand jury returned an Indictment against Defendant Detor, charging him with <u>Charge One</u>: Theft of a Motor Vehicle (as a 2nd Degree Felony), <u>Charge Two</u>: Theft by Receiving (as a 2nd Degree Felony), and <u>Charge Three</u>: Unauthorized Use of a Motor Vehicle (as a Misdemeanor). Indictment (Jun. 17, 2019). A grand jury also returned an Indictment against

Decision and Order Granting the People's Request for Restitution
CF0308-19, *People of Guam v. Iverson Chewek & Minson Detor*
Page 1 of 4

Defendant Chewek, charging him with Charge Four: Theft by Receiving (as a 2nd Degree Felony) and Charge Five: Unauthorized Use of a Motor Vehicle (as a Misdemeanor). Id.

Defendants Detor and Chewek each entered into plea agreements, pleading guilty to Unauthorized Use of a Motor Vehicle (as a Misdemeanor). *See* Minute Entry (Oct. 9, 2019); Minute Entry (Nov. 6, 2019). Each Defendant further agreed that they "shall be held liable for full restitution… to the victim… in an amount to be determined by Court at a restitution hearing." Plea Agreement at 3 (Dec. 3, 2019); Plea Agreement at 3 (Jan. 14, 2020). Thereafter, People provided the Court with a restitution summary prior to the scheduled hearing date. Submission of Restitution Summary ("Restitution Report") (Jun. 2, 2020). This Restitution Report indicated that Anna Kao ("Victim") was requesting six thousand dollars ($6,000.00) for cash that was stolen, seven hundred dollars ($700.00) for an iPhone 7 that was stolen, and one thousand dollars ($1,000.00) covering an automobile insurance deductible. Id.

Defendant Chewek subsequently filed a Response to the Restitution Report, indicating that he opposed the six thousand dollar ($6,000.00) cash and seven hundred dollar ($700.00) iPhone requests because his involvement did not begin until after cash and iPhone were stolen. Defendant Chewek's Response to Restitution Report at 2 (Jun. 4, 2020).

The Court held a restitution hearing on September 23, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

A person convicted of a crime may be ordered to pay restitution in the amount of:

(c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor;
(e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

\

9 G.C.A. § 80.50(c), (e). This means that the Court may order the Defendants to pay restitution up to one thousand dollars ($1,000.00) without any specific findings but must make findings for any higher amount, not to exceed double the loss of the victim or gain of the Defendants. *People v.*

Decision and Order Granting the People's Request for Restitution
CF0308-19, *People of Guam v. Iverson Chewek & Minson Detor*
Page 2 of 4

*Mallo*, 2008 Guam 23 ¶ 43. Here, the People seek seven thousand seven hundred dollars ($7,700.00) in restitution for Victim's losses, requiring the Court to make specific findings regarding those losses. *See id.* The People bear the burden of proving losses by a preponderance of the evidence. *See United States v. Wakine*, 543 F.3d 546, 556 (9th Cir. 2008).

At the hearing, the Court heard the Victim's testimony. Victim testified that on May 28, 2019, she awoke to find her front door left open. Court Recording at 9:27:10 (Sep. 23, 2021).

After thoroughly searching her house, Victim discovered that a bag containing seven to eight thousand dollars ($7,000-$8,000) was missing. Id at 9:31:00. Victim testified that she was carrying that much cash in her bag in anticipation of an upcoming trip to Taiwan. Id at 9:30:00. This missing money was never returned to her. Id at 9:31:50.

Victim also testified that her iPhone 7 was stolen that night. Id at 9:32:30. Victim then replaced her stolen iPhone 7 with an iPhone 11, costing her one thousand dollars ($1,000.00). Id at 9:40:20. Victim stated that the iPhone 7 was purchased for roughly eight or nine hundred ($800-$900). Id at 9:41:40. It is reasonable to believe that the iPhone 7 was valued at seven hundred dollars ($700.00) when it was stolen.

Finally, Anna Kao discovered her 2009 BMW 750I was missing. Id at 9:33:00. The police later located Anna Kao's vehicle but its condition was so "dirty" and "messy" that she had to file an insurance claim. Id at 9:35:00. This insurance claim involved a one thousand dollar ($1,000.00) deductible that Victim paid. Restitution Report at 2 (Jun. 2, 2020).

Having heard the testimony of the Anna Kao and the arguments of the parties, the Court is satisfied that the People have met their burden of proving the victim's losses by a preponderance of the evidence. *See Wakine*, 543 F.3d at 556. Accordingly, the Court shall grant the People's request for restitution. However, since Defendant Chewek's agreed upon involvement in the crime did not begin until after the cash and iPhone were already stolen, he should be held liable only for the automobile insurance deductible.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the People's request for restitution. It is hereby **ORDERED** that Defendants Detor and Chewek pay restitution to the victim, Anna Kao, in

Decision and Order Granting the People's Request for Restitution
CF0308-19, *People of Guam v. Iverson Chewek & Minson Detor*
Page 3 of 4

the amount of seven thousand seven hundred dollars ($7,700.00). Defendant Detor is solely liable for six thousand seven hundred dollars ($6,700.00) of that amount. Defendants Detor and Chewek are jointly and severally liable for one thousand dollars ($1,000.00) of that amount.

A Status Hearing for this case is set for Thursday, November 18, 2021 at 10:00 a.m.

**IT IS SO ORDERED** this ___October 1, 2021_____.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
A.B. S. Tekeri
T. Timblin
Date: 10/1/21  Time: 4:00
(w)
Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Request for Restitution
CF0308-19, *People of Guam v. Iverson Chewek & Minson Detor*
Page **4** of **4**